THOMPSON vs. THE GERMAN VALLEY RAILROAD COMPANY.

1. Every person, whatever his office or dignity, is bound to appear and testify in courts of justice when required to do so by proper process, unless he has a lawful excuse. The dignity of the office, or the mere fact of official position, is not of itself an excuse; and whether the official engagements are sufficient, must be determined by the circumstances of each case.

2. The Governor will not be compelled to produce in court any paper or document in his possession; he will be allowed to withhold it, or any part of it, if, in his opinion, his official duty requires him to do so.

3. The Governor cannot be examined as to his reasons for not signing an act of the legislature, nor as to his action in any respect regarding it. But he is bound to appear and testify as to the time an act was delivered to him.

4. An order to testify is an unusual practice, and ought not to be made against the Executive of the state.

5. In the case of the Executive, the court would hardly entertain proceedings to compel him to testify by adjudging him in contempt. It will be presumed that the Chief Magistrate intends no contempt.

6. If the Governor, without sufficient or lawful reason, refuses to appear and testify, he is, like all other citizens, liable to respond in damages to any party injured by his refusal.

In this case, a subpœna *duces tecum* had been served upon his Excellency the Governor, commanding him, by his individual name, to appear and testify before an examiner of this court, and to bring with him an engrossed copy of a private statute which had passed both houses of the legislature on the 30th of March, 1871, and been sent to him, as Governor, for his approval. The Governor declined to obey this subpœna, and sent to this court a letter now on file, stating that he did not decline out of any disrespect to the court or to the law, but because he thought his duty required of him not to appear or to produce the paper required, or to submit his official acts, as Governor, to the scrutiny of any court. An order was granted that the Governor should show cause why he should not appear and testify, and produce the copy of the act.

On the hearing of the rule, Cortlandt Parker, esquire, appeared as counsel to show cause against the rule, and read and placed on file a letter of the Governor, directing him to appear and show cause against the rule. In this the Governor stated that he had placed the engrossed bill in the state library, in the custody of the librarian, with directions that no one should be permitted to have access to it, except upon his order or that of the Chancellor. He states that by his official register, the bill appears to have been presented to him on the 4th of April, the legislature adjourning on the 6th, at noon. That the promoters of the act contend that it was presented to him on the evening of the 30th of March, but that if this was true, yet as the legislature was not in session on Saturday, the 1st of April, and it has been the custom of the Executive not to regard any day in which the legislature was not in session as part of the five days in which he is required to return a bill, and as parts of days are not counted, he was of opinion that he had the power to prevent this bill from being a law by retaining it. That he disapproved of the bill, and retained it with the intention of preventing it from becoming a law. That as, in his opinion, it did not become a law, he was not

required to deposit it in the office of the Secretary of State, and did not so deposit it.

*Mr. R. S. Green,* in support of the rule.

*Mr. C. Parker,* contra.

THE CHANCELLOR.

The subpœna was directed to the Governor, by his individual name, and not as Governor. Every person, whatever his office or dignity, is bound to appear and testify in courts of justice when required to do so by proper process, unless he has a lawful excuse. The official engagements and duties of the higher officers of government may be, and in many cases are, a sufficient excuse. The dignity of the office, or the mere fact of official position, is not of itself an excuse, and whether the official engagements are sufficient, must be determined from the circumstances of each case. Whether the highest officer in the government or state will be compelled to produce in court any paper or document in his possession, is a different question. And the rule adopted in such cases is, that he will be allowed to withhold any paper or document in his possession, or any part of it, if, in his opinion, his official duty requires him to do so. These were the rules adopted by Chief Justice Marshall in the trial of Aaron Burr. He allowed a subpœna *duces tecum* to President Jefferson and held that he was bound to appear, but that he should be allowed to keep back any document, or part of a document, which he thought ought not to be produced. 1 *Burr's Trial* 182; 2 *Ibid.* 535–6.

The same view was taken by Chief Justice Tilghman in *Gray* v. *Pentland,* 2 *Serg. & Rawle* 23. His seeming approval of the action of the Court of Common Pleas, in refusing a subpœna *duces tecum* to the Governor, was based upon the right of the Governor to withhold the document at his discretion.

The Governor having placed this paper where it can be

examined and produced .in evidence before the examiner, upon the order of this court, there is no further question as to the production of the paper. An order for its production has been made. The production of the document can be of injury to no one; it is a private act, passed by both houses, and its contents, and the fact of its passage, are known. Whether this act is a law, and what are its contents, are, or may be material in the pending suit. From the facts stated and alleged, it may be a grave question whether or not this act. became a law. The time when it was delivered to the Governor, may be a very material fact in determining that question. That is a proper question for the courts to determine. They may arrive at a conclusion different from that of the Governor; and if they do, it will be their duty to decide according to their own views, as the Governor, in his action, must be governed exclusively by his views. The Governor cannot be examined as to his reasons for not signing the bill, nor as to his action in any respect regarding it. But there is no reason why he should not be called upon to testify as to the time it was delivered to him; that is a bare fact, that includes no action on his part. To this extent, at least, I am of opinion that he is bound to appear and testify.

But I will make no order on him for that purpose. The subpoena was rightly issued, without the order of the court. These writs, like all other process to appear, are issued by the clerk, upon application of the party or his solicitor. Such is the settled practice. An order to testify is an unusual, if not unheard of, practice. Such order ought not to be made against the Executive of the state, because it might bring the Executive in conflict with the judiciary. If the Executive thinks he ought to testify, in compliance with the opinion of the court, he will do it without an order; if he thinks it to be his official duty, in protecting the right and dignity of his office, he will not comply, even if directed by an order. And in his case, the court would hardly entertain proceedings to compel him, by adjudging him in contempt. It will be presumed that the Chief Magistrate

intends no contempt, but that his action is in accordance with his views of his official duty. And in the present case that presumption amounts to a certainty. Chief Justice Marshall on the trial of Burr, vol. 2, p. 536, remarks : " In no case of this kind would a court be required to proceed against the President, as an ordinary individual. The objections to such course are so strong and so obvious that all must acknowledge them."

If the Governor, without sufficient or lawful reasons, refuses to appear and testify, he is, like all other citizens, liable to respond in damages to any party injured by his refusal.

It is possible that there may be cases where courts, from the conduct of an Executive, might deem it proper to proceed against him for contempt. But this is not one of them, and the party here must be left to his civil remedy.